## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT JOSEPH LAZUR, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 21-cv-057J |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 4 |
| V. MOSER *Warden, FCI Loretto*, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

**Kelly, Magistrate Judge**

On March 30, 2021, Petitioner Robert Joseph Lazur ("Petitioner") submitted a self-styled "Motion for Release on 5/10/21 Pursuant to 28 U.S.C. 2241 Requiring Bureau of Prisons To Apply Time Credits Earned Under The First Step Act" (the "Petition"). ECF No. 1. After payment of the filing fee, ECF No. 3, the Petition was formally filed on April 23, 2021. ECF No. 4.

In the Petition, Petitioner sought the application of Earned Time Credits to his sentence, which he alleged would result in his release to home confinement on May 10, 2021, with a final date of home confinement of September 2, 2021. ECF No. 1 at 17; ECF No. 4 at 17.

Full consent to proceed before a United States Magistrate Judge was obtained. ECF Nos. 12 and 17. Respondent timely responded to the Petition on July 7, 2021. ECF No. 18. Petitioner filed a traverse on August 4, 2021. ECF No. 21.

On May 19, 2021, Petitioner notified this Court of his change of address, ECF No. 15, but he did not inform this Court of his release from custody. A review of the public records of the Federal Bureau of Prisons reveals that Petitioner was released from federal custody on

1

December 30, 2021.[1]  This is consistent with evidence presented by Respondent in the response, which indicates that Petitioner was eligible for home confinement on November 7, 2021, and for release with good conduct time credits on December 30, 2021.  ECF No. 18-2 at 2–3.

On March 22, 2022, this Court issued an Order to Show Cause directing Petitioner to show cause why this case should not be dismissed as moot.  ECF No. 22 at 3.  To date, Petitioner has failed to respond or give any other indication that he wishes to proceed with this action.

The United States Court of Appeals for the Third Circuit has identified a six-factor balancing test to guide a court in determining whether a case should be dismissed for failure to prosecute.  Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).  The court must consider: (1) the extent to the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Id. at 868.  All the Poulis factors do not need to be satisfied in order to dismiss a complaint.  See C.T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988).  Instead, the court must "properly consider and balance" each of the six factors based on the record.  See Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

Application of the Poulis factors is appropriate in the context of habeas cases as well as to civil rights actions.  Harlacher v. Pennsylvania, No. 10-0267, 2010 WL 1462494, at *3 (M.D. Pa.

---

[1] On June 14, 2022, this Court conducted a review of the public records of the Bureau of Prisons. The review revealed Petitioner was released from federal custody on December 30, 2021. See https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited June 14, 2022).

Mar. 12, 2010), *report and recommendation adopted*, 2010 WL 1445552 (M.D. Pa. Apr. 9, 2010) (applying Poulis to a habeas case). There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). The decision must be made in the context of the district court's extended contact with the litigant. See C.T. Bedwell, 843 F.2d at 696.

The first Poulis factor requires the Court to consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. See Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 873 (3d Cir. 1994) ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Here, Petitioner is solely responsible for his lack of communication because he is proceeding *pro se*. See, e.g., Colon v. Karnes, No. 1:11-cv-1704, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012). As such, Petitioner is responsible for his failure to respond to this Court's issuance of an Order to Show Cause. This factor weighs in favor of dismissal.

The second Poulis factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," Adams, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Given that this Petition appears to have been mooted by Petitioner's release from confinement, this factor appears to be neutral.

The third Poulis factor considers the litigant's history of dilatory conduct. Despite Petitioner notifying this Court of his change of address on May 19, 2021, ECF No. 15, he did not expressly inform this Court of his release from custody. Further, Petitioner failed to respond to

this Court's Order to Show Cause. ECF No. 22. This conduct is sufficient to establish Petitioner's history of dilatoriness. See Poulis, 747 F.2d at 868.

The fourth Poulis factor considers whether the dilatory party's conduct was willful, defined as that which "involves intentional or self-serving behavior." Adams, 29 F.3d at 874. In this case, Petitioner has failed to comply with the Court's Order to Show Cause, despite notifying this Court of his updated address. This conduct demonstrates Petitioner's decision to forego litigation of this matter. Thus, this factor weighs in favor of dismissal.

The fifth Poulis factor addresses the effectiveness of sanctions other than dismissal. Poulis, 747 F.2d at 869. It is well-established that monetary sanctions are ineffective where the Petitioner is indigent. See, e.g., Brennan v. Clouse, No. 11-0146, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who fails to follow Court orders, such as Petitioner. See e.g., Mack v. United States, No. 3:17-cv-1982, 2019 WL 1302626, at *2 (M.D. Pa. Mar. 21, 2019) (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs in favor of dismissal.

Finally, the sixth Poulis factor considers the potential merit of Petitioner's claims. A claim is deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by [petitioner]." Poulis, 747 F.2d at 869. The evidence of record indicates that this Petition is moot because Petitioner no longer is in federal custody. ECF No. 22 at 1. "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in

the outcome." Congregation Kol Ami v. Abington Twp., 309 F.3d 120, 131 (3d Cir. 2002). Petitioner has failed to comply with an order by the Court to show otherwise. As such, this factor weighs in favor of dismissal.

Accordingly, the following Order is entered.

AND NOW, this 14th day of June, 2022, IT IS HEREBY ORDERED that the Petition filed in the above-captioned case is DISMISSED for failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: ROBERT JOSEPH LAZUR
2119 Lewis Run Road
Jefferson Hills, PA 15025

All counsel of record via CM/ECF